

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claude A. Williams
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:                     Opinion No. O-3738
                              Re: Benefit Claims —
                                  Attorney fees

        Your letter requesting our opinion on certain ques-
tions is self-explanatory and reads as follows:

        "1.  Under Subsection 6 (b) of the Act, (Art-
    icle 5221b-4 (b) Vernon's Revised) Civil Statutes,
    Texas, 1925) the initial determination by the exami-
    ner results in an allowance of benefits for eight
    benefit periods.  The Appeal Tribunal affirms the
    decision of the deputy, or examiner.  The Commission
    reverses the Appeal Tribunal and allows no benefits.
    There is an appeal to the court from the decision
    of the Commission.  The court allows no benefits.
    At the time of the court decision, four benefit pay-
    ments have been made to the claimant, in accordance
    with this language in the subsection mentioned:  '*
    * * * if an appeal tribunal affirms a decision of a
    deputy (examiner) or the Commission affirms a deci-
    sion of an appeal tribunal, allowing benefits, such
    benefits shall be paid regardless of any appeal which
    may thereafter be taken * * *.'  (Parenthesis supplied.)
    The question is whether by virtue of the last sen-
    tence in Subsection 6 (b) the Benefit Section of the
    Commission is required to issue the four remaining
    benefit checks authorized by the examiner and the
    Appeal Tribunal, the claimant having previously filed
    proper claims therefor.

        "2.  Under the same facts stated above, assume
    that there was no appeal to the court from the Com-
    mission decision of 'no benefits.'  Would the same

"3. Does the language of the last sentence of Subsection 6 (b) mean that the Commission (sitting as an appeal body in a benefit case) or the court, in an appeal to it in a benefit case, has jurisdiction, after the granting of benefits both by the examiner, or deputy, and the Appeal Tribunal, only to decree that no employer's account shall be charged with the benefits so paid, or does that jurisdiction go to the whole case?

"4. In a situation wherein the examiner has allowed benefits and his decision has been affirmed by the Appeal Tribunal, appeal having been perfected through the Commission and to the courts, does the denial of benefits by the court dispose of all right to benefits on the part of the claimant during his benefit year as set up by the examiner, and as defined in the Act as Subsection 19 (b) (2)?

"5. Does your answer to Question No. 4 apply likewise to such final decision of the Commission denying benefits, no appeal to the courts having been taken?

"6. In a benefit case pending within the Commission, the Commission approves an attorney's fee of $15.00 for claimant's attorney, providing that such fee shall be $25.00 if appeal is taken to the courts. Trial is had on appeal to the County Court. The County Court, in granting benefits to the plaintill claimant, attempts to fix attorney's fees at $80.00, or one-third of the amount of the recovery. Do the terms of the Unemployment Act, Subsection 15 (b) (Article 5221b-13 (b), V. R. C. S., Tex., 1925), limit the jurisdiction of the court in the fixing of attorneys' fees to the fixing of an amount approved by the Commission, or do they operate only upon the attorney with respect to his charging or receiving for his services more than the amount approved by the Commission."

Sections (a) and (b) of Article 5221b-4, Vernon's Annotated Civil Statutes, read as follows:

"(a) Filing: Claims for benefits shall be made in accordance with such regulations as the Commission may prescribe. Each employer shall post and maintain printed statements of such regulations in places readily accessible to individuals in his service, and shall make available to each such individual at the time he becomes unemployed, a printed statement

of such regulations.  Such printed statements shall be supplied by the Commission to each employer without cost to him.

"(b)  Initial Determination:  A representative designated by the Commission, and hereinafter referred to as a deputy, shall promptly examine the claim and, on the basis of the facts found by him, shall either determine whether or not such claim is valid, and if valid, the date on which benefits shall commence, the benefit amount payable and the maximum duration thereof, or shall refer such claim or any question involved therein to an appeal tribunal or to the Commission, which shall make its determinations with respect thereto in accordance with the procedure described in subsection (c) of this section, except that in any case in which the payment or denial of benefits will be determined by the provisions of Section 5 (d) of this Act, the deputy shall promptly transmit his full finding of fact with respect to that subsection to the Commission, which, on the basis of the evidence submitted and such additional evidence as it may require, shall affirm, modify, or set aside such findings of fact and transmit to the deputy a decision upon the issues involved under the subsection.  The deputy shall promptly notify the claimant and any other interested party of the decision and the reasons therefor.  Unless the claimant or any such interested party, within ten (10) calendar days after the delivery of such notification, or within twelve (12) calendar days after such notification was mailed to his last known address, files and appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith.  If an appeal is duly filed, benefits with respect to the period prior to the final determination of the Commission, shall be paid only after such determination; provided, that if an appeal tribunal affirms a decision of a deputy, or the Commission affirms a decision of an appeal tribunal, allowing benefits, such benefits shall be paid regardless of any appeal which may thereafter be taken, but if such decision is finally reversed, no employer's account shall be charged with benefits so paid."  (Underscoring ours)

The above provision provides that when the Appeal Tribunal affirms the decision of the deputy which allows benefits, that such benefits shall be paid regardless of any appeal which may thereafter be taken. This provision undoubtedly was placed in the Unemployment Act to insure the payment of benefits to an individual with but a minimum of delay.

The Supreme Court of California Discusses a similar provision of the California Unemployment Act in the case of Abelleria et al vs. District Court of Appeal, 102 P. (2d) 329, (109 P. (2d) 942) as follows:

"The fourth answer is more fundamental; the mandate contravenes the express provision of section 67 that 'if a referee affirms an initial determination allowing benefits, such benefits shall be paid regardless of any appeal which may thereafter be taken * * *.' This is one of the most significant statements in the act. In substance it provides that when the initial determination has been reviewed and approved by the intermediate appellate authority (the referee), no further delay in payment shall be permitted even though the issues may be still further considered in a subsequent appeal. It was designed to carry out the policy declared in section 1 of alleviating the evils of unemployment, as part of a national plan of sicial security in which federal and state legislation is coupled. Sec. 2. The very essence of the act is its provision for the prompt payment of benefits to those unemployed. See, 88 Univ. Pa. L. Rev. 137, 139. Any substantial delay would defeat this purpose and would bring back the very evil sought to be avoided. The legislature, recognizing the importance on the one hand of avoiding improvident payments without due consideration of the right thereto, and the danger on the other hand of withholding the payments for long periods through the slow processes of appeal to the commission and perhaps eventually to the courts, took a middle course. It provided for a preliminary appeal or review of the first determination where payments were ordered. This appeal, ordinarily decided in a short period of time, carries with it a stay. But when this second decision has also been made in favor of the applicants, the benefits begin, with protection, as already noted, for the employer in the event of later reversal."

Sections (h) and (1) of Article 5221b-4, Vernon's Annotated Civil Statutes, provides as follows:

"(h) Appeal to Courts: Any decision of the Commission in the absence of an appeal thereform as herein provided shall become final ten (10) days after the date of notification or mailing thereof, and judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his remedies before the Commission as provided by this Act. The Commission shall be deemed to be a party to any judicial action involving any such decision and may be represented in any such judicial action by any qualified attorney who is a regular salaried employee of the Commission and has been designated and appointed for that purpose by the Attorney General of Texas.

"(1) Court Review: Within ten (10) days after the decision of the Commission has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision, in which action any other party to the proceeding before the Commission shall be made a defendant. Such trial shall be de novo. In such action, a petition which need not be verified, but which shall state the grounds upon which a review is sought, shall be served upon a member of the Commission or upon such person as the Commission may designate and such service shall be deemed completed service on all parties, but there shall be left with the party so served as many copies of the petition as there are defendants and the Commission shall forthwith mail one such copy to each such defendant. Such action shall be given precedence over all other civil cases except cases arising under the Workmen's Compensation Law of this State. An appeal may be taken from the decision of the trial court, in the same manner, as is provided in other civil cases. It shall not be necessary, in any judicial proceeding under this section, to enter exceptions to the rulings of the Commission and no bond shall be required for entering such appeal. Upon the final determination of such judicial proceeding, the Commission shall enter an order in accordance with such determination. A petition for judicial review shall not act as a supersedeas." (Underscoring ours)

The provision of Section (b), quoted above, which provides that when the Appeal Tribunal has affirmed the deputy's decision awarding benefits, they should be paid regardless of any appeal, contemplates that the individual is eligible and qualified to receive such benefits. We find nothing in the Act which indicates that the Appeal Tribunal's finding is final on the merits of the claim. To the contrary, the various quoted provisions of Article 5221b-4 indicates to us that the Appeal Tribunal's affirmance of the deputy's decision only insures the claimant receiving benefits pending a final decision on the question by the Commission or the court on the merits.

In answer to your first and second questions, we are of the opinion that the Commission is not authorized to issue benefit checks subsequent to a decision of the Commission or the judgment of a court denying benefits, when said decision or judgment is final on the merits.

In answer to your third question, it follows, from what we have heretofore said, that the decision of the Commission or judgment of the court goes to the merits of the entire case.

In answering your fourth and fifth questions, we point out that Section (i) of Article 5221b-4, supra, provides that "upon the final determination of such judicial proceeding, the Commission shall enter an order in accordance with such determination."

Section (f) of Article 5221b-3 provides as follows:

"(f) In determining the number of benefit periods during which any individual is entitled to receive benefits in a benefit year, the Commission shall deduct any period of disqualification as provided in subsection (a), (b) and (c) of this Section from the total number of benefit periods during which he would otherwise be entitled to receive benefits except for such disqualification; provided, that in no case shall the number of benefit periods so deducted exceed the number of benefit periods during which the claimant is then eligible to receive benefits except for such disqualification."

Section (b)(2) of Article 5221b-17 provides as follows:

"(2)  'Benefit year,' with respect to any individual, means the fifty-two-consecutive-week period beginning with the day on which the first valid claim for benefits is filed, and thereafter the fifty-two-consecutive-week period beginning with the day on which his next valid claim for benefits is filed after the termination of his last preceding benefit year."

The Unemployment Act provides that an eligible unemployed individual is entitled to benefits for a certain number of benefit periods within a benefit year unless disqualified. By reason of the sections of the three above quoted statutes it seems clear that a disqualification by the Commission or a court of an individual to receive benefits during the benefit periods of his benefit year disposes of all rights of the individual to receive any benefits during that benefit year. This answers your fourth and fifth questions.

In answer to your sixth question, we quote from Section (b) of Article 5221b-13, Vernon's Annotated Civil Statutes, as follows:

"(b)  Limitation of fees:  No individual claiming benefits shall be charged fees of any kind in any proceeding under this Act by the Commission or its representatives or by any court or any officer thereof. Any individual claiming benefits in any proceeding before the Commission or a court may be represented by a counsel or other duly authorized agent; but no such counsel or agents shall either charge or receive for such services more than an amount approved by the Commission.  Any person who violates any provision of this subsection shall for each such offense, be fined not less than Fifty ($50.00) Dollars, nor more than Five Hundred ($500.00) Dollars, or imprisoned for not more than six (6) months, or both."  (Underscoring ours)

The above statute clearly provides that no attorney can charge or collect for his service an amount more than that approved by the Commission.  This provision applies in those cases where an individual is seeking benefits.  Since the Legislature has specifically charged the Commission with the power of regulating the fees of attorneys, we cannot see any basis for the court substituting its judgment for that of the Commission.

In order to give effect to Section (b) of Article
5221b-13, supra, we answer your sixth question by saying that
we are of the opinion that the court has jurisdiction to al-
low attorney fees only in the amount approved by the Commis-
sion.

Yours very truly

APPROVED MARCH 5, 1942

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

LS:N

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN

O.K.
RMC

ATTORNEY GENERAL OF TEXAS

By

/s/ Lee Shoptaw
Assistant